IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–28–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TAUREAN JEROME WEBER, | |
| Defendant. | |

Before the Court is Defendant Taurean Jerome Weber's motion for the issuance of a subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 35.) In light of the Ninth Circuit's ruling in *United States v. Wilson*, 13 F.4th 961 (9th Cir. 2021), Mr. Weber seeks a subpoena *duces tecum* directed at Instagram, Inc. inquiring into the circumstances surrounding its transmission of a CyberTip to the National Center for Missing and Exploited Children, pursuant to 18 U.S.C. § 2258A(a). (Doc. 36.) The United States does not directly oppose Mr. Weber's motion and instead defers to the Court. (Doc. 35 at 2.) For the reasons stated herein, the Court will grant the motion.

The Federal Rules of Criminal Procedure authorize this Court to issue subpoenas directing a third-party to "produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). The party

1

seeking such a subpoena must establish that the information sought is, among other things, relevant, admissible, and specific. *United States v. Nixon*, 418 U.S. 683, 700 (1974) (adding the documents sought must "not [be] otherwise procurable reasonably in advance of trial by exercise of due diligence," that "the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial"). Mr. Weber has met his burden in this case.

Mr. Weber's proposed subpoena seeks two categories of information from Instagram. (Doc. 36-1 at 3.) This includes: (1) the identity of any employees at Instagram who viewed the contents of files uploaded along with five CyberTips submitted by it to the NCMEC; or, alternatively (2) "if no employee viewed the files, a description of the process by which" Instagram "viewed"[1] the files before reporting them to the NCMEC. (*Id.*) Such information is relevant, admissible, and specific.

The Court has no problem concluding that the evidence is relevant. Indeed, the Ninth Circuit's opinion *Wilson* renders the information sought directly relevant to any potential Fourth Amendment suppression analysis. 13 F.4th at 967–75. In

---

[1] The Court uses the term "view" here liberally to encompass various automatic processes, such as those using hashing technology, which is frequently at issue in child pornography cases. *See Wilson*, 13 F.4th at 964, n.1; *United States v. Ackerman*, 831 F.3d 1292, 1294 (10th Cir. 2016). The Court, of course, does not offer any opinion on the Fourth Amendment sufficiency of such processes at this time as they appear to vary widely from provider to provider and case to case.

other words, Mr. Weber cannot determine whether evidence the United States will use against him at trial was obtained in violation of the Fourth Amendment unless he knows the circumstances surrounding how such information came into its possession in the first place. *Id.* In short, the information is highly relevant to any determination regarding whether a suppression motion is appropriate in this case.

As to admissibility—the Court does not find that the information sought is immediately excludable under the Federal Rules of Evidence. Such evidentiary hurdles would surely inform any suppression analysis, *United States v. Brewer*, 947 F.2d 404, 408 (9th Cir. 1991), but the Court finds no basis for prematurely excluding the requested information before it has even come into Mr. Weber's possession. It should also be noted the United States does not challenge the information's admissibility at this stage. This factor is met.

As a final matter, the Court finds that the information sought is sufficiently specific. Mr. Weber has narrowly framed the subpoena to capture precisely the sort of information that would be relevant to any *Wilson* analysis. Specifically, the information sought will reveal how the providers in this case came to suspect Mr. Weber's accounts contained child pornography before sending CyberTips to the NCMEC. This factor is met.

With respect to any other relevant considerations, the Court finds none of them caution against issuing the subpoena sought by Mr. Weber. Mr. Weber's

motion does not mention whether he approached Instagram directly for this information before seeking subpoena. Perhaps that would have come first in the exercise of due diligence, but the Court is skeptical Instagram would willingly reveal the internal mechanisms by which it uncovered suspected child pornography on Mr. Weber's devices absent a court order. Given the proximity to trial, the Court finds no reason to occasion any further delay in the uncovering of the information requested by Mr. Weber.

Accordingly, IT IS ORDERED that Mr. Weber's motion (Doc. 35) is GRANTED. The Clerk of Court shall issue a subpoena *duces tecum*, requesting the information sought in the proposed subpoena submitted by Mr. Weber along with his motion (*see* Doc. 36-1).

DATED this 30th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court