IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  21–28–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TAUREAN JEROME WEBER, | |
| Defendant. | |

Before the Court is the Defendant Taurean Jerome Weber's Motion to Dismiss for Speedy Trial Act Violation.  (Doc. 59.)  Weber contends the Indictment in this case must be dismissed "because [he] was not tried within 70 countable days of his arraignment."  (*Id.* at 1.)  The United States opposes this motion.  (*Id.* at 2; Doc. 61.)  For the reasons stated herein, the motion will be denied.

## BACKGROUND

Several dates are relevant to the speedy trial calculation in this case.  On July 28, 2021, Weber was indicted on five counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Counts I–V) and five counts of distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts VI–X.)  (Doc. 2.)  Weber had his initial appearance and arraignment on August 23, 2021.  (Doc. 9.)  On August 26, 2021, the United States

1

moved to revoke Weber's pretrial release and this motion was adjudicated following a hearing on September 1, 2021. (Docs. 16; 21–23.)

On September 2, 2021, this Court issued its standard scheduling order establishing, among other things, a motions deadline of September 17, 2021, and a trial setting of October 18, 2021. (Doc. 24.) On September 3, 2021, Weber moved to amend the conditions of his pretrial release, and the Court granted that motion the same day. (Docs. 25–26.) On September 13, 2021, Weber moved the Court to continue his trial setting and all associated deadlines so that he could have additional time to investigate the case, and specifically, to prepare pretrial motions. (*See generally* Doc. 28.) The Court granted this motion the same day, setting a new motions deadline of December 27, 2021 and a trial setting of January 24, 2022. (Doc. 29 at 3.)

On September 24, 2021, the United States filed a motion in limine. (Doc. 30.) Weber filed his response brief on October 22, 2021. (Doc. 34.) Weber moved for the issuance of a subpoena on November 29, 2021 and the Court granted this motion on November 30, 2021. (Docs. 35; 38.) On December 6, 2021, the Court denied the United States' motion in limine. (Doc. 39.) On December 27, 2021, three motions were filed, including a motion to dismiss two counts filed by the United States (Doc. 42) and a suppression motion (Doc. 44) and motion in limine (Doc. 46) from Weber.

2

On December 29, 2021 the Court granted the United States' motion to dismiss, and set a hearing on Weber's suppression motion.  (Doc. 49.)  In this Order, the Court also vacated the January 24, 2022 trial setting and all associated deadlines.  (*Id.*)  A suppression hearing was held on February 4, 2022.  (Doc. 52.)  The Court denied Weber's suppression motion and motion in limine on April 22, 2022.  (Doc. 55.)  This Order also set a new trial date of June 6, 2022.  (*Id.*)  On April 25, 2022, the United States filed, and the Court granted, a continuance of this trial setting based on the unavailability of a witness.  (Doc. 58.)  Trial was moved to July 11, 2022.  (*Id.* at 3.)  Importantly, Weber did not object to this continuance. (Doc. 56 at 2.)

After that this case remained quiet as the parties prepared for trial.  Then, on June 9, 2022, Weber moved to dismiss the charges brought against him in this case arguing the United States had failed to bring him to trial within 70 days, as required by the Speedy Trial Act.  (Doc. 59.)  The United States denies any Speedy Trial Act violation has occurred.  (Doc. 61.)  The Court finds a hearing on Weber's motion unnecessary.  Ultimately, although the Court disagrees with the speedy trial calculations offered by the parties, it agrees with the United States that no Speedy Trial Act violation has occurred.

**ANALYSIS**

## I.     Applicable Speedy Trial Act Exclusions.

The Constitution guarantees Weber the right to a speedy trial.  U.S. Const.

amend. VI.  But this right is "slippery," *Barker v. Wingo*, 407 U.S. 514, 522

(1972), and the Sixth Amendment does not "prescribe any specified length of time

within which a criminal trial must commence."  *United States v. Olsen*, 995 F.3d

683, 686 (9th Cir. 2021).  To "give effect to" and better define the confines of this

right, Congress enacted the Speedy Trial Act.  *Id.*

The Speedy Trial Act moves swiftly, obligating the United States to try the

defendant within 70 days of the indictment's filing or the accused's initial

appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1).  But the Speedy Trial

Act also "recognizes that criminal cases vary widely and there are valid reasons for

greater delay in particular cases."  *Zedner v. United States*, 547 U.S. 489, 497

(2006).  Consequently, the Speedy Trial Act affords district courts "the necessary

flexibility" by including "a long and detailed list of periods of delay that are

excluded in computing the time within which trial must start."  *Id.* (citing 18

U.S.C. § 3161(h)).

There are several exclusions applicable to this case.  First, there is the

exclusion for pretrial motions, which automatically excludes from any speedy trial

calculation "delay resulting from any pretrial motion, from the filing of the motion

4

through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D); *see also Henderson v. United States*, 476 U.S. 321, 326–27 (1986). Subsection (D) must be read in concert with subsection (H), which automatically excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H); *Henderson*, 476 U.S. at 328–29.

How subsection (D) and subsection (H) work together depends on the type of motion filed. Under subsection (D), "there are two different types of pretrial motions, those that require a hearing, and those that do not." *United States v. Medina*, 524 F.3d 974, 978 (9th Cir. 2008). For motions that do not require a hearing, subsections (D) and (H) conspire to exclude all time from the date the motion was filed "until the court rules on the motion, but no more than 30 days" following "the date the motion was taken under advisement . . . may be excluded." *Id.* at 978–79. Subsection (H)'s 30-day "under advisement" clock begins to tick on the date the court "receives all the submission by counsel it needs to decide" the motion at issue. *Henderson*, 476 U.S. at 330–31; *see also United States v. Sutter*, 340 F.3d 1022, 1031–32 (9th Cir. 2003).

Automatic exclusions stemming from motions requiring a hearing can be more complicated. Under subsection (D), all time from the date the motion is filed

5

until the hearing occurs is automatically excluded.  *Medina*, 524 F.3d at 979.  At this point, subsection (H)'s 30-day under advisement clock will begin to tick, but its commencement may be delayed if the Court finds it needs additional information to resolve the motion it has heard.  *Id.*; *Sutter*, 340 F.3d at 1030–31.  In that case, as with motions resolved without a hearing, the 30-day advisement period begins to run when the Court receives the additional information it needs. *Medina*, 524 F.3d at 979; *Henderson*, 476 U.S. at 331.

Also relevant to this case is the exclusion permitted for delays arising from ends of justice continuances.  *See* 18 U.S.C. § 3161(h)(7)(A).  This section permits a district court to exclude time from the calculation of the speedy trial deadline when the Court, "after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial."  *Zedner*, 547 U.S. at 498–99.  This provision permits the Court to exclude not only the time necessary to prepare a case for trial, but also additional time provided to prepare pretrial motions.  *Bloate v. United States*, 559 U.S. 196, 204–15 (2010); *see also United States v. Hoslett*, 998 F.2d 648, 654–57 (9th Cir. 1993).

When subsection (h)(7)(A) applies, this Court excludes all delay occasioned by the continuance, which will ordinarily be from the date the motion for a continuance is filed to the new continued deadline or trial setting.  *See, e.g., United*

*States v. Palomba*, 31 F.3d 1456, 1460–62 (9th Cir. 1994); *United States v. Basey*, 2017 WL 11540693, *6–7 (D. Alaska 2017).  In other words, when granting an ends of justice continuance, this Court begins to exclude time on the date the delaying event occurs.  *See United States v. Gallardo*, 773 F.2d 1496, 1500–06 (9th Cir. 1985).  Upon properly applying these exclusions to Weber's case, the Court does not find any speedy trial violation in this case.

## II.     Applying the Speedy Trial Act to Weber's Case.

Weber bears the burden of proving trial has not commenced within the 70-day time limit established by § 3161(c)(1).  *Medina*, 524 F.3d at 982.  To support his argument, Weber offers a speedy trial calculation, under which the 70-day clock "expired on or about April 27, 2022."  (Doc. 60 at 4–6.)  Noting that he agreed to a continuance sought by the United States on April 25, 2022, he argues the Speedy Trial Act was violated because "trial *would have* commenced approximately 109 countable days after the arraignment."  (Doc. 60 at 6 (emphasis added).)  In response, the United States offers a competing speedy trial calculation arguing that when Weber's trial commences on July 11, 2022, there will be 6 days left on the 70-day clock.  (Doc. 61 at 9–11.)

The Court begins by first offering its speedy trial calculation. The speedy trial clock commenced on August 23, 2021, when Weber had his arraignment and initial appearance.  (Doc. 9); 18 U.S.C. § 3161(c)(1).  Two non-excludable days

elapsed from August 24–25, 2021.  Weber's speedy trial clock stopped on August

26, 2021, when the United States moved to revoke Weber's pretrial release.  (Doc.

16); 18 U.S.C. § 3161(h)(1)(D).   This revocation motion was resolved on

September 1, 2021 (Docs. 21–23), and, therefore, Weber's speedy trial clock began

to run again on September 2, 2021.

One non-excludable day elapsed before Weber's speedy trial clock was

again tolled on September 3, 2021, based on Weber's motion to amend the

conditions of his pretrial release.  (Docs. 25–26); 18 U.S.C. § 3161(h)(1)(D).  Nine

non-excludable days elapsed from September 4–12, 2021, before Weber moved to

continue the trial and all associated pre-trial deadlines on September 13, 2021,

consequently stopping the clock again.  (Doc. 27); 18 U.S.C. § 3161(h)(1)(D).  In

other words, from August 23, 2021 to September 13, 2021, 12 non-excludable days

elapsed (August 24–25, September 2, 4–12), leaving 58 days left on Weber's

speedy trial clock.[1]

Following the filing of Weber's motion to continue, the calculation gets

muddled through the overlapping of various periods of delay.  In his September 13,

2021, continuance motion, Weber argued delay of the October 18, 2021 trial

---

[1] Weber's calculation fails to exclude the delays attributable to resolving the United States'
revocation motion (August 26–September 1).  (Doc. 60 at 5.)  Both Weber and the United States
fail to exclude the delay occasioned by his motion to amend the conditions of his pretrial release
(September 3).  (*Id.*; Doc. 61 at 9–10.)

setting was justified so that he would have additional time to review discovery, obtain a forensic evaluation, and "research and write any potential motions." (Doc. 28 at 2.) The Court agreed, and that same day, issued an order making the necessary (h)(7)(B) findings and moving the trial to January 24, 2022. (Doc. 29 at 3.) Importantly, the Court also moved the September 17, 2021 motions deadline to December 27, 2021. (*Id.*)

This (h)(7)(A) continuance occasioned exclusion of the following time from Weber's speedy trial clock. First, it excluded September 13, 2021, the day Weber's motion was filed and adjudicated. 18 U.S.C. § 3161(h)(1)(D). Second, it effectuated a toll of Weber's speedy trial clock as of that date by delaying the proceedings to provide counsel with additional time to investigate the case and prepare pretrial motions. 18 U.S.C. § 3161(h)(7)(A). At this point, Weber's speedy trial clock was set to remain tolled from September 13, 2021 through the continued January 24, 2022 trial setting. *Gallardo*, 773 U.S. at 1504. It is here where the first overlapping period of exclusion occurs.

On September 24, 2021, the United States filed a motion in limine. (Doc. 30.) This filing automatically tolled Weber's speedy trial clock. 18 U.S.C. § 3161(h)(1)(D). No hearing was ever held on this motion. Weber filed a response brief on October 22, 2021. (Doc. 34.) At this point, the Court had "receive[d] all the submissions by counsel it need[ed] to decide" the United States' motion in

limine, meaning it was officially under advisement and subsection (h)(1)(H)'s 30-day period began to run. *Henderson*, 476 U.S. at 330; *see also* L.R. 47.2 ("A motion is deemed ripe for ruling after the response is filed."). This 30-day period expired on November 20, 2021, and any excludable delay from the United States' motion in limine ceased.[2]

Weber's October 6, 2021 motion to continue his response deadline (Doc. 32), and the resulting delay in proceedings (October 8–22, 2021) (Doc. 33), are automatically excluded from any speedy trial act calculation. 18 U.S.C. § 3161(h)(1)(D); *see also* 18 U.S.C. § 3161(h)(1). November 29–30, 2021 are automatically excluded based on Weber's subpoena motion. *Id.*; (Docs. 35–38.) December 27–29, 2021 are automatically excluded based on the United States' motion to dismiss two counts of the Indictment. (Docs. 42, 49); 18 U.S.C. § 3161(h)(1)(D).

Weber filed a motion in limine on December 27, 2021, occasioning another toll under 18 U.S.C. § 3161(h)(1)(D). (Doc. 46.) No hearing was held on this motion and the United States' response brief was filed on December 28, 2021. (Doc. 48.) Consistent with its analysis in relation to the United States' motion in limine outlined above, only December 27, 2021 to January 27, 2022 (filing date to

---

[2] The Court did not rule on the United States' motion in limine until December 6, 2021 (Doc. 39), but this 16-day period (November 21–December 6) was not running against Weber's speedy trial clock because it remained tolled by virtue of the Court's continuance Order (Doc. 29).

30-days following motion coming under advisement) are properly excluded on the basis of Weber's motion in limine.  18 U.S.C. § 3161(h)(1)(D), (H).

Weber also filed a motion to suppress on December 27, 2021. (Doc. 44.)  On December 29, 2021, the Court issued an order setting a hearing on the suppression motion for February 4, 2022, and, importantly, vacating the schedule previously set through its continuance Order.  (Doc. 49 at 3.)  Therefore, the Court considers the toll of Weber's speedy trial clock occasioned by the Court's continuance Order (Doc. 29) to cease as of December 30, 2021, because there was no longer any resulting delay from that continuance. *See United States v. Martin*, 742 F.2d 512, 514–15 (9th Cir. 1984).

The hearing commenced as scheduled and the Court issued its denial order on April 22, 2022.  (Doc. 55.)  The Court agrees with the parties that only December 27, 2021 to March 6, 2022 (the date of filing to 30-days following the hearing) is properly excluded from Weber's speedy trial act calculation based on the suppression motion.  18 U.S.C. § 3161(h)(1)(D), (H).  Forty-nine non-excludable days elapsed from March 7, 2022 to April 24, 2022, leaving Weber with 10 days on his speedy trial clock.  The Court denied Weber's suppression motion on April 22, 2022 and reset trial for June 6, 2022.  (Doc. 55 at 28.)

On April 25, 2022, the United States, *without objection from Weber*, moved to continue the trial to July 2022 based on the unavailability of a witness.  (Doc.

57.)  The Court, citing to 18 U.S.C. § 3161(h)(3)(A), (7)(B)(i), (iv), granted the

motion that same day moving trial to July 11, 2022 and resetting all associated

pretrial deadlines.  (Doc. 58.)  April 25, 2022 is automatically excluded based on

the filing and adjudication of the United States' motion.  18 U.S.C. §

3161(h)(1)(D).  Moreover, April 25–July 11, 2022 has been excluded by the

Court's continuance Order.  18 U.S.C. § 3161(h)(3)(A), (7)(A).

The Court summarizes its calculation in the following list:

1. August 23, 2021—Speedy trial clock commences, 18 U.S.C. § 3161(c)(1);

2. August 24–25, 2021—**Two speedy trial clock days elapse (68 remain)**;

3. August 26–September 1, 2021—Clock tolled based on filing and adjudication of United States' revocation motion, 18 U.S.C. § 3161(h)(1)(D);

4. September 2, 2021—**One speedy trial clock day elapses (67 remain)**;

5. September 3, 2021—Clock tolled based on filing and adjudication of Weber's motion to amend conditions of release, 18 U.S.C. § 3161(h)(1)(D);

6. September 4–12, 2021—**Nine speedy trial clock days elapse (58 remain)**;

7. September 13, 2021—Clock tolled based on filing and adjudication of Weber's motion to continue, 18 U.S.C. § 3161(h)(1)(D);

8. September 13–December 29, 2021—Clock tolled based on Court's continuance Order, 18 U.S.C. § 3161(h)(1)(A);

9.      September 24–November 20, 2021—Clock tolled based on filing and adjudication of the United States' motion in limine, 18 U.S.C. § 3161(h)(1)(D), (H);

10.     October 6, 8–22, 2021—Clock tolled based on filing and adjudication of Weber's extension motion and resulting delay in proceeding, 18 U.S.C. § 3161(h)(1)(D); *see also* 18 U.S.C. § 3161(h)(1) (unexhaustive list);

11.     November 29–30, 2021—Clock tolled based on filing and adjudication of Weber's subpoena motion, 18 U.S.C. § 3161(h)(1)(D);

12.     December 27–29, 2021—Clock tolled based on filing and adjudication of United States' motion to dismiss, 18 U.S.C. § 3161(h)(1)(D);

13.     December 27, 2021 to January 27, 2022—Clock tolled based on filing and adjudication of Weber's motion in limine, 18 U.S.C. § 3161(h)(1)(D), (H);

14.     December 27, 2021 to March 6, 2022—Clock tolled based on filing and adjudication of the Weber's suppression motion, 18 U.S.C. § 3161(h)(1)(D), (H);

15.     March 7, 2022 to April 24, 2022— **Forty-Nine speedy trial clock days elapse (10 remain**);

16.     April 25, 2022— Clock tolled based on filing and adjudication of the United States' continuance motion, 18 U.S.C. § 3161(h)(1)(D); and

17.     April 25–July 11, 2022—Clock tolled based on Court's continuance Order, 18 U.S.C. § 3161(h)(3)(A), (7)(A).

Based on the foregoing, the Court finds that Weber will be brought to trial

within 70 non-excludable days as required by the Speedy Trial Act.  Indeed, it

appears Weber agrees with this conclusion, give or take a few days.  (Docs. 60 at 5–6; 62 at 2.)  Instead, Weber argues that the Speedy Trial Act was violated when this Court reset his trial for June 6, 2022, a date temporally exceeding the balance of his speedy trial clock.  (Docs. 60 at 5–6; 62 at 2.)

The Court admits, as it must based on the preceding analysis, that when it reset Weber's trial for June 6, 2022, it inadvertently set it for a date outside of the remaining 70-day period.   When the Court issued its April 22, 2022, Order establishing this trial setting (Doc. 55), Weber's speedy trial clock was set to run on May 4, 2022.  Needless to say, at that point Weber's speedy trial calculation had become complicated, and the Court's June 6, 2022 trial setting was based on a miscalculation predominately stemming from its failure to recognize (h)(1)(H)'s limiting influence on (h)(1)(D).  Notably, it appears neither Weber nor the United States recognized the Court's oversight, or they certainly would have sought to correct it.  *United States v. Aviles-Alvarez*, 868 F.2d 1108, 1113 (9th Cir. 1989) ("it is the responsibility of defense counsel, the government, and the district court to take affirmative steps to protect a defendant's right to a trial within 70 days pursuant to the Speedy Trial Act").

But Weber cites no authority, and the Court has found none, supporting the notion that the Speedy Trial Act is violated by the mere act of scheduling the defendant's trial for a period outside of the 70-day period.  (Doc. 60 at 6.)  This

14

result would be contrary to the text of the Speedy Trial Act which establishes a violation only when "a defendant is not brought to trial within the time limit required by section 3161(c)."  18 U.S.C. § 3162(a)(2).  At that point, a defendant may seek dismissal based on a Speedy Trial Act violation at any time until trial actually commences or he pleads guilty.  *Id.*  Until the 70-day period elapses without the defendant being brought to trial, no Speedy Trial Act violation has occurred.  Without this occurring, there is no statutory basis for dismissal.  *Cf.* 18 U.S.C. § 3161(a)(2).

Weber's reliance on *United States v. Brown*, 819 F.3d 800 (6th Cir. 2016) is misplaced, even assuming its holding was binding on the Court.  (Doc. 62 at 3–5.) *Brown* involved a situation where a district court established deadlines for the specific purpose of circumventing a defendant's speedy trial rights after he objected to continuing his trial setting any further.  819 F.3d at 805–06, 815.  The Court does not find any similar intentional circumvention here.

First, the Court rejects the notion that its April 25, 2022, continuance was the product of improper gamesmanship designed to circumvent the Speedy Trial Act.  The Court issued its Order on April 22, 2022, resetting trial for June 6, 2022. The United States moved to continue the trial based on the unavailability of a witness *just 3 days later*, genuinely raising a conflict justifying an additional exclusion of time under § 3161(h)(3)(A), (7)(B)(i), (iv).  (Doc. 56.)  Although, in

15

hindsight, the timing of the United States' motion was certainly fortuitous, the Court has no basis for concluding it was an underhanded attempt to stave off a Speedy Trial Act violation.

Second, and perhaps most importantly, the April 25, 2022, continuance was granted *without objection* from Weber.  (Doc. 56 at 2.)  Unlike *Brown*, where the district court altered deadlines to get around the defendant's objection to any further continuances, 819 F.3d at 805–06, Weber acquiesced to the exclusion of additional time from his speedy trial clock.  And, as explained in detail above, this exclusion will result in Weber being brought to trial within 70 non-excludable days as required by the Speedy Trial Act.  In short, the Court rejects Weber's argument that the mere act of scheduling a trial outside of the 70-day period violates the Speedy Trial Act.

Accordingly, IT IS ORDERED Weber's motion (Doc. 59) is DENIED. Trial shall proceed as scheduled on July 11, 2022.

DATED this 14th day of June, 2022.

Dana L. Christensen, District Judge
United States District Court

16