IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–28–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TAUREAN JEROME WEBER, | |
| Defendant. | |

Before the Court is Defendant Taurean Jerome Weber's motion in limine. (Doc. 64.)  Weber moves this Court for an in limine ruling permitting him to introduce good character evidence at trial, pursuant to Rule 404(a)(2)(A).  (*Id.* at 1, 5.)  The United States concedes in response that *some* good character evidence is admissible but asks this Court to establish certain parameters.  (Doc. 69 at 7.)  In its trial brief, the United States also argues this Court should refuse Weber's proposed good character instruction.  (Docs. 68; 68-1; 72 at 10–11.)  Below, the Court offers a preliminary ruling on the scope of good character evidence at trial and declines Weber's proposed good character instruction.

## ANALYSIS

Motions in limine are a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).

1

Such in limine rulings really are just preliminary, and the Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000).

## I.    Admission of Evidence Under Rule 404(a)(2)(A).

The Federal Rules of Evidence generally prohibit admission of "evidence of a person's character or character trait" to "prove that on a particular occasion the person acted in accordance with the character or trait."  Fed. R. Evid. 404(a)(1). But in criminal cases such as this one, there is an exception which permits the defendant to offer evidence of his "pertinent [character] trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."  Fed. R. Evid. 404(a)(2)(A).  Such evidence "may [only] take the form of testimony as to reputation under Rules 405(a) and 803(21) or of opinion testimony under Rule 405(a)," not specific instances of conduct.  *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987).  Specific instance of conduct can only be introduced by the prosecutor on cross examination.  Fed. R. Evid. 405(a).[1]

The parties' briefing raises various issues related to Rule 404(a)(2)(A)'s application to this case, including: (1) whether the evidence Weber seeks to admit

---

[1] A defendant may get into specific instances of conduct during their direct examination if their "character or character trait is an essential element of a charge, claim, or defense."  Fed. Rule of Evid. 405(b).  Weber does not contend, and this Court does not find, that his character is an essential element of the child-pornography offenses for which he is charged, so this provision is inapplicable.

relates to a "character trait;" (2) if so, whether that character trait is "pertinent" to this case; and (3) whether the Court should specifically instruct the jury on the impact of this evidence.   The Court addresses each issue in turn.

### A.      Rule 404(a) "Character Traits."

Because character "is most accurately conceived as a social and cultural construct," courts and commentators have struggled to reach consensus on what is and is not properly considered a "character trait" within the meaning of Rule 404(a).  Wright and Miller §§ 5233, 5233.2, 5238; *see also United States v. Doe*, 149 F.3d 634, 638 (7th Cir. 1998) ("We doubt that a fully satisfactory, comprehensive definition of character evidence is possible").  The Federal Rules of Evidence, which do not define the term "character trait," provide little guidance. *United States v. West*, 670 F.2d 675, 682 (7th Cir. 1982), *overruled on other grounds by United States v. Green*, 258 F.3d 683 (7th Cir. 2001).

In the absence of a direct definition, the Ninth Circuit has previously recognized that honesty, truthfulness, law-abidingness, peaceableness, and being "a violent and angry person" are "character traits" within the meaning of Rule 404(a).  *United States v. Geston*, 299 F.3d 1130, 1137–38 (9th Cir. 2002); *United States v. Keiser*, 57 F.3d 847, 853 (9th Cir. 1995); *Arizona v. Elmer*, 21 F.3d 331, 334–35 (9th Cir. 1994); *United States v. Diaz*, 961 F.2d 1417 (9th Cir. 1992); *United States v. Hedgecorth*, 873 F.2d 1307, 1313 (9th Cir. 1989); *United States v.*

*Gillespie*, 852 F.2d 475, 479 (9th Cir. 1988); *United States v. Giese*, 597 F.2d

1170, 1190 (9th Cir. 1979).[2]

But the Ninth Circuit has resisted recognizing narrower character traits

directly involving the conduct for which a defendant is charged.  The parties

correctly identify *Diaz* as the seminal case on this issue.  There, Diaz was charged

with possession with intent to distribute more than 500 grams of cocaine.  961 F.2d

at 1418.  On appeal, he challenged the district court's refusal to permit testimony at

trial of his "character traits for being prone to criminal activity or conduct" and

"for being prone to large-scale drug dealing."  *Id*. at 1419.  The Ninth Circuit

framed the question as whether "the propensity to engage in criminal conduct and

the propensity to engage in large scale drug dealing are pertinent character traits,"

within the meaning of Rule 404(a)(2)(A).  *Id.*

As to "Diaz's proneness to criminal activity," the Ninth Circuit found it was

"an admissible character trait encompassed" within the "general [character] trait"

---

[2] For what it is worth, other circuits have concluded that "intelligence," "forgetfulness," "slowness to answer," and the "poor ability to express oneself" are *not* character traits within the meaning of Rule 404(a).  *United States v. Nixon*, 694 F.3d 623, 636 (6th Cir. 2012); *United States v. Cortez*, 935 F.2d 135, 138 n.3 (8th Cir. 1991); *United States v. West*, 670 F.2d 675, 682 (7th Cir. 1982), *overruled on other grounds by United States v. Green*, 258 F.3d 683 (7th Cir. 2001).  At least one circuit has concluded that being "kind or a good family man" are "traits of character" under Rule 404(a).  *United States v. Santana-Camacho*, 931 F.2d 966, 968 (1st Cir. 1991).  There is also an unpublished Tenth Circuit opinion involving a defendant's "character trait of protecting children, women, and animals from the violence of others."  *United States v. Seymour*, 589 Fed. App'x 867, 878 (10th Cir. 2015) (also worded as the trait of "always com[ing] to the aid of others").

of "law-abidingness." *Id.* (holding "[t]he inquiry as to whether Diaz is prone to commit criminal activity is simply the converse of an inquiry into whether Diaz is a law-abiding individual. The two inquiries elicit the same information. A defendant's propensity to commit crimes is an admissible character trait").

As to Diaz's "propensity to engage in large scale drug dealing," the Ninth Circuit found it was "not an admissible character trait," largely because it "cannot be viewed simply as the converse of the character trait of 'law-abidingness'" and tends to mislead the jury "if addressed to a defendant with a record of criminal offenses other than drug dealing." *Id.* at 1419–20. At least one subsequent unpublished opinion from the Ninth Circuit has applied *Diaz* to prohibit character testimony on a defendant's "propensity to carry weapons" in a felon in possession prosecution. *United States v. Knaub*, 81 F.3d 171 (9th Cir. 1996 (reading *Diaz* as prohibiting "questions on whether [a defendant] would engage in a particular crime"). With the foregoing authority in mind, the Court examines the evidence Weber seeks to admit under Rule 404(a)(2)(A), to determine whether it involves "character traits."

Weber seeks an in limine ruling permitting him to offer good character evidence establishing he is a:

(1)    law abiding and lawful person;

(2)    morally and sexually decent person;

(3)     person never accused of sexual misconduct; and

(4)     person with a good character for not exploiting others.

(Doc. 77 at 2.)  As noted above, this first subject—lawfulness or law-abidingness—is the sort of "character trait" generally admissible under Rule 404(a)(2)(A).  *Diaz*, 961 F.2d at 1419.

The Court finds the same is true of the second and fourth categories of information enumerated above.  Weber's sexual morality and decency and lack of a propensity for exploiting others, does not directly go to whether "he would in engage in" the child pornography offenses for which he was charged.  *Knaub*, 81 F.3d at 171.  But they do involve traits tending to establish Weber's "own good character."  *United States v. McCourt*, 925 F.2d 1229, 1232 (9th Cir. 1991); *see also Michelson v. United States*, 335 U.S. 469, 483 (1948) (describing the common law principle that a defendant "may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged").

This conclusion is supported by the fact that in a prior en banc case, at least five Ninth Circuit judges expressed their view that "[p]erverse sexual desire is a trait of character," within the meaning of Rule 404(a).  *United States v. Curtin*, 489 F.3d 935, 963 (9th Cir. 2007) (Kleinfeld, Pregerson, Kozinski, Thomas, and Berzon, JJ., concurring).  The Court agrees, and it logically follows then, that *not*

having a "perverse sexual desire" (i.e. being sexually moral and decent) is an admissible character trait under Rule 402(a)(2)(A) as well. *Diaz*, 961 F.3d at 1419. Moreover, *Diaz* itself recognized that Rule 404(a) extends to *specific* as well as *general* character traits. *Id.* (citing *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).

Weber's third proposed subject is more problematic. Evidence that Weber has not previously been accused of sexual misconduct does not relate to a character trait. Instead, testimony that Weber has not been accused of sexual misconduct in the past is equivalent to "testimony as to multiple instances of good conduct" which is specifically prohibited by Rule 405(a). *Barry*, 814 F.2d at 1403 ("Testimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)"). As such, the Court must exclude it. In sum, the Court finds that the Weber's first, second, and fourth proposed inquiries relate to "character traits" within the meaning of Rule 404(a). Now, the Court must address whether such traits are "pertinent" to this case.

### B.    "Pertinent" Traits.

Generally, Rule 404(a)(2)(A)'s use of the term "pertinent" is "read as synonymous with relevant." *United States v. Franco*, 2017 WL 11466629, *1 (D. Ariz. 2017) (quoting *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982)).

In other words, even though evidence may relate to a defendant's "character trait" it is not admissible under Rule 404(a)(2)(A) unless it is relevant, meaning "the character trait in question would make any fact 'of consequence to the determination' of the case more or less probable than it would be without the evidence of that trait." *Id.*

As to the first subject—Weber's law-abidingness or lawfulness—such character evidence is "always relevant." *Hewitt*, 634 F.2d at 279, cited with approval by *Diaz,* 961 F.2d at 1419; *see also Michelson*, 335 U.S. at 484 (recognizing that such evidence is relevant because "being a law-abiding citizen . . . would seem incompatible with" committing crime).  The second and fourth subjects are more difficult.  On the one hand, the Court agrees with the United States that Weber's sexual morality and decency, and his propensity to exploit people do not *directly* bear on whether he is guilty of transporting, distributing, or receiving child pornography.

On the other hand, however, the Court agrees with Weber that such evidence tends to circumstantially establish that he possesses the character of an individual unlikely to commit those crimes.  *See Michelson*, 335 U.S. at 476, 483.  And the Advisory Committee Notes to Rule 404 confirm this is the Rule's very purpose, stating:

> Character evidence is susceptible of being used for the purpose of suggesting an inference that the person acted on the occasion in

> question consistently with his character. This use of character is often
> described as "circumstantial." Illustrations are: evidence of a violent
> disposition to prove that the person was the aggressor in an affray, or
> evidence of honesty in disproof of a charge of theft.

*See* Notes of Advisory Committee on Proposed Rules, Fed. R. Evid. 404. Because

of this, the Court will permit some additional character evidence to be introduced.

Specifically, the Court will permit Weber to introduce evidence regarding

his sexual morality and decency, because the Court agrees someone who is sexual

moral and decent is less likely to transfer, distribute, or receive child pornography.

Just as honesty may be relevant character evidence in a theft prosecution (even

though dishonesty need not be established to obtain a conviction), sexual morality

and decency may be relevant character evidence in this child pornography

prosecution (even though sexual immorality and indecency need not be established

to obtain a conviction). With respect to evidence regarding Weber's propensity to

exploit others, however, the Court finds such evidence's minimal relevance is

substantially outweighed by the danger of confusing the issues in this case.

The sexual exploitation of children is a distinct federal offense not at issue in

this case. 18 U.S.C. § 2251. The Court fears that inquiries into Weber's

exploitative character unduly risks confusing the jury regarding the offense

conduct alleged in this case, which, unlike other federal child pornography

offenses, does not involve exploitative elements. *Id.*; *see also* Fed. R. Evid. 403.

Moreover, as previously recognized by the Second Circuit, "a reputation as one

who does not exploit others does not necessarily suggest a lack of criminal intent."
*United States v. Han*, 230 F.3d 560, 564 (2d Cir. 2000).  Given the minimal
relevance evidence Weber's exploitative character has in this case, and the
substantial risk it carries of confusing the jury, it will be excluded.

 Based on the foregoing, the Court will permit Weber to offer evidence under
Rule 404(a)(2)(A) regarding his lawfulness or law-abidingness and his sexual
morality and decency.  As noted above, such evidence "may [only] take the form
of testimony as to reputation under Rules 405(a) and 803(21) or of opinion
testimony under Rule 405(a)," not specific instances of conduct.  *United States v.
Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987).  Specific instance of conduct can only
be gotten into by the prosecutor on cross examination.  Fed. R. Evid. 405(a).[3]  No
other character evidence will be permitted including evidence regarding his
propensity to exploit others,  his propensity to transport, distribute, or receive,
child pornography, or whether he has previously been accused of sexual
misconduct.

---

[3] In his reply brief, Weber argues this Court should prohibit the United States from asking "guilt
assuming hypotheticals," citing *United States v. Shwayder*, 312 F.3d 1109, 1121 (9th Cir. 2002).
(Doc. 77 at 5–6.)  The Court finds *Shwayder* clear on the issue but will reserve a specific ruling
until the United States attempts to offer asks such hypotheticals at trial.  312 F.3d at 1121
("Following almost every other circuit that has addressed the question, we now hold that the use
of guilt assuming hypotheticals," during a Rule 405(a) cross-examination "undermines the
presumption of innocence and thus violates a defendant's right to due process").

## C.    Good Character Instruction.

As a final matter, the Court finds it necessary to address the United States' argument that the Court should not offer Weber's proposed instruction on any character evidence offered in this case.  (Doc. 72 at 10.)  Weber's proposed instruction provides:

> The defendant has offered evidence of his good character. Where a defendant has offered evidence of good character, you should consider such evidence along with all the other evidence in the case. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

(Doc. 68-1.)  Weber derives this instruction from a model Fifth Circuit instruction. (*Id.*)  As both Weber and the United States note, the Ninth Circuit Jury Instruction Committee finds such an instruction unnecessary (*Id.*; *see also* Doc. 72 at 10.); 9th Cir. Manual of Model Criminal Jury Instr. § 3.4 (2022 ed.)

The Court will follow the recommendation of the Ninth Circuit and not offer Weber's good character instruction.  The other model instructions related to how the jury should weigh and consider any evidence are sufficient to permit the jury to properly weigh any character evidence introduced in this case.  Moreover, the Court is concerned a specific good character instruction will draw undue attention to any character evidence offered in this case.  As such, Weber's instruction (Doc. 68-1) will be refused.

Accordingly, IT IS ORDERED that Weber's motion in limine (Doc. 64) is

GRANTED in part and DENIED in part, as set forth previously in this Order.

DATED this 6th day of July, 2022.

_____
Dana L. Christensen, District Judge
United States District Court